IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-50623
Conference Calendar

_____

STEVEN WAYNE RITCHEY,

                                         Plaintiff-Appellant,

versus

FRED S. ZAIN; BEXAR COUNTY MEDICAL
EXAMINER'S OFFICE,

                                         Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-97-CV-34
- - - - - - - - - -
December 10, 1997
Before BARKSDALE, BENAVIDES, and STEWART, Circuit Judges.

PER CURIAM:*

     Steven Wayne Ritchey, Texas prisoner #541162, appeals from

the dismissal of his 42 U.S.C. § 1983 complaint for failure to

prosecute because he failed to pay the district-court filing fee

and from the denial of his motion to reinstate his complaint.

Ritchey contends that he complied with the magistrate judge's

order to pay the full filing fee because he authorized the

withdrawal of funds from his account, in compliance with Texas

_____

     * Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

prison procedures.

We must examine the basis of our jurisdiction on our own motion if necessary. *Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987). Ritchey's notice of appeal was untimely to raise the judgment dismissing his complaint for appeal. We therefore lack jurisdiction over his appeal from the dismissal of the complaint. To the extent that Ritchey seeks to appeal from the dismissal of his complaint, his appeal is dismissed for lack of jurisdiction.

Ritchey's motion to reinstate his complaint was a motion for relief pursuant to FED. R. CIV. P. 60(b). *Harcon Barge Co. v. D & G Boat Rentals, Inc.*, 784 F.2d 665, 667 (5th Cir. 1986)(en banc). The denial of that motion was not an abuse of discretion. *Matter of Ta Chi Navigation Corp.*, 728 F.2d 699, 703 (5th Cir. 1988).

First, whatever the reason for Ritchey's noncompliance, the district court did not receive Ritchey's filing fee within the period allowed by the magistrate judge. Second, Ritchey provided no documentation to support his allegation that he authorized prison officials to withdraw funds from his trust-fund account and forward them to the district court. Third, by suing Fred Zain for allegedly falsifying evidence, Ritchey seeks to undermine his conviction. Ritchey has no cause of action until his conviction is invalidated or called into question by a grant of a habeas corpus writ. *Heck v. Humphrey*, 512 U.S. 477, 489 (1994). Ritchey was so cautioned by the district court in the order dismissing his complaint.

Ritchey's appeal is without arguable merit and is frivolous. We caution Ritchey that any additional frivolous appeals filed by him or on his behalf will invite the imposition of sanctions. To avoid sanctions, Ritchey is further cautioned to review any pending appeals to ensure that they do not raise arguments that are frivolous.

APPEAL DISMISSED; SANCTION WARNING ISSUED.